[No. 21523.   Department One.   January 30, 1929.]

HENRY P. KONSHUK, *Respondent*, v. CLYDE HAYES, *Appellant*.[1]

*Hanna, Miller & Hanna,* for appellant.
*Pickrell & Stotler,* for respondent.

PER CURIAM.—The respondent, Konshuk, brought this action against the appellant, Hayes, to recover in damages for personal injuries received from a beating administered to him by Hayes. There was a trial by jury, resulting in a verdict in favor of Konshuk. The appeal before us is from the judgment entered on the verdict.

Prior to the trial of the present cause, a criminal prosecution was instituted against the appellant to punish him criminally for the acts committed against the respondent, in which he was charged with an assault in the second degree. On his arraignment, he

[1]Reported in 273 Pac. 957.

offered to plead guilty to an assault in the third degree. The prosecution consented to accept the plea, and the appellant was punished as for an offense of the latter degree. On the trial of the present cause, the respondent, as part of his proofs, introduced in evidence the charge and the plea of guilty. The appellant, while testifying in his own behalf, was questioned as to the circumstances which induced him to enter the plea of guilty, and answered that he was advised by his attorney "that that was the cheapest way out of it."

The appellant requested the court to give to the jury the following instruction:

"The court instructs you that there has been evidence introduced of a plea of guilty of 3rd degree assault by defendant, and in this connection the court instructs you that defendant claims he entered the plea of guilty because he thought or was advised it would be better for him to plead guilty under the circumstances, then you will not consider that circumstance in arriving at your verdict in this case except in so far as it may affect his credibility."

The court refused to give the requested instruction, and did not give one of a similar import. Its refusal and failure so to do constitutes the error assigned on the appeal.

It would seem that a number of reasons could be advanced why the request was properly refused, but we shall mention two only. The proposed instruction in its language is not sufficiently complete. If it was proper to limit the proof under any circumstances to the particular mentioned, certainly it would be improper to do so unless the jury believed from the witness' testimony that he was not guilty of the offense charged against him and pleaded guilty to the charge

solely because by that means he would escape the annoyance and expense of a trial, and a proper instruction must contain these elements.

The second reason is that the request is unsound in principle. A plea of guilty to a charge of crime is in the nature of an admission. It is an admission of wrong on the part of a defendant so pleading. The jury are therefore entitled to consider it as it considers any other admission; they must view it in connection with the surrounding circumstances, and give it such weight as in their judgment the circumstances warrant. In this instance, the plea was evidence on the general issue, and it would have been error on the part of the court to restrict it as applicable solely to the credibility of the witness.

Affirmed.